UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-00024-TBR

JEFFREY ALLEN MCCLELLAN,                                          PLAINTIFF

v.

COL. STEVE HOWARD,                                                  DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon a motion by Defendant, Col. Steve Howard, for summary judgment. [DN 33]. Plaintiff, Jeffrey Allen McClellan, has responded to the motion. [DN 34]. Fully briefed, Defendant's motion is ripe for review, and for the following reasons, it is **GRANTED.**

## BACKGROUND

On December 5, 2016, Plaintiff was booked into the Christian County Jail by Prison Transport Services. [DN 33-2]. On December 8, 2016, Plaintiff fell while standing on another inmate's shoulders. [DN 33-4 at 7]. Plaintiff alleges that his left foot was injured by this fall. [DN 1 at 4]. Plaintiff further alleges that "Defendant denied Plaintiff medical treatment and stated you are Prison Transport Services so we do not have to treat you." *Id.* Plaintiff did not file a grievance regarding his alleged lack of medical treatment. [DN 33-2]. Later the same day, Prison Transport Services picked Plaintiff up from Christian County Jail and began transporting him to a prison in Alabama. [DN 1 at 4-5].

Four days after Plaintiff's fall, his foot was examined by a physician at Kilby Correctional Facility in Mt. Meigs, Alabama. [DN 33-8 at 1]. The radiology report from this examination states: "The ossification is normal for the left foot, including the tarsal bones. There is mild degenerative joint disease seen. *There is no fracture, dislocation, or soft tissue swelling*. No osteomyelitis is seen. Conclusion: Mild degenerative joint disease; otherwise; no fracture or dislocation seen." *Id.* (emphasis added). About a month later, on January 13, 2017, Plaintiff received a second medical examination of his left foot. *Id.* at 2. The radiology report from this examination states: "Compared to Decmber 12, 2016 there is subtle increase in sclerosis posterior inferior aspect of the calcaneus. Occasionally this can indicate developing stress fracture. MRI would confirm or exclude if indicated. Conclusion: Moderate concern for stress fracture posterior inferior aspect of the calcaneus. . . ." *Id.*

Plaintiff responded to Defendant's motion for summary judgment on June 1, 2018. [DN 34]. On December 12, 2018, this Court granted Plaintiff an additional thirty days to file a more substantive response to Defendant's motion. [DN 36 at 3-4]. This Court also provided Plaintiff with guidance on how to respond to a motion for summary judgment under Federal Rule of Civil Procedure 56. *Id.* Plaintiff, however, chose not to file a supplemental response. The only evidence Plaintiff has provided in opposition to Defendant's motion is his verified complaint.

**LEGAL STANDARD**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In determining whether summary judgment is appropriate, a court must resolve

all ambiguities and draw all reasonable inferences against the moving party. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir.1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. See *id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir.1996). Finally, it should be noted that "'a verified complaint . . . satisfies the burden of the nonmovant to respond' to a motion for summary judgment, unlike 'mere allegations or denials' in unverified pleadings." *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999)) (en banc).

## DISCUSSION

Plaintiff claims that Defendant acted with deliberate indifference when he allegedly denied Plaintiff medical treatment in violation of his Eight Amendment rights. [DN 26 at 1; *see also* DN 1]. Defendant argues that Plaintiff failed to exhaust the administrative remedies available to him

as is required by the Prison Litigation Reform Act of 1995 ("PLRA").[1] The PLRA requires a prisoner to exhaust all available administrative remedies before filing any action "with respect to prison conditions" under 42 U.S.C. § 1983 or any other federal law. 42 U.S.C. § 1997e(a). That exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); *accord Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). Exhaustion is mandatory and the remedies provided "need not meet federal standards, nor must they be 'plain, speedy, or effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001)). "Proper exhaustion demands compliance with [the prison's] deadlines and other critical procedural rules," *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), and so "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion," *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *accord Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).

In this case, Defendant filed an affidavit with the Court that states: "[Plaintiff] did not file a grievance." [DN 33-2]. Defendant also filed an authenticated copy of the jail's grievance policy, which requires a grievance to be made in the form of a written statement within forty-eight hours of the incident. [DN 33-7]. Plaintiff has not provided any evidence that he filed a grievance arising out of the incident where he allegedly hurt his left foot. In fact, Plaintiff does not address Defendant's exhaustion argument in any document he has filed with the Court. Therefore, there is

---

[1] Defendant also argues that he is protected from suit in his individual capacity by the doctrine of sovereign immunity, that Plaintiff is unable to prove he acted with "deliberate indifference," and that Plaintiff is not entitled to punitive damages. In the interest of judicial economy and efficiency, however, the Court finds it unnecessary to address these arguments.

no genuine dispute of material fact for trial regarding whether Plaintiff exhausted the administrative remedies available to him, and Defendant is entitled to judgment as a matter of law.

**CONCLUSION**

Because there is no genuine dispute of material fact regarding whether Plaintiff exhausted the administrative remedies available to him, Defendant's motion for summary judgment is **GRANTED.** The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 15, 2019

cc: Counsel of Record
cc: Jeffery Allen McClellan, Pro Se
 277145
 Limestone Correctional Facility
 28779 Nick Davis Rd
 Harvest, AL 35749